```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
R. BERTIL PETERSON,                       :
                    Plaintiff,            :
                                          :           11 Civ. 3141 (DLC)
          -v-                             :
                                          :           OPINION & ORDER
THE CITY OF NEW YORK, et al.,             :
                    Defendants.           :
-----------------------------------------X
```

Appearances:

For plaintiff:
Richard Bertil Peterson, pro se
15 Oaks Hunt Road
Lake Success, NY 11020

For defendants City of New York and Kevin Watz:
Diana Marsh Murray
NYC Law Department, Office of the Corporation Counsel (NYC)
100 Church Street
New York, NY 10007


DENISE COTE, District Judge:

Pro se plaintiff R. Bertil Peterson ("Peterson") brings

this action against the City of New York (the "City"), Police

Officer Kevin Watz ("Officer Watz"), and one-hundred unnamed

employees, independent contractors, agents, and/or assignees.

Peterson brings claims for compensatory and punitive damages,

attorney's fees, and costs pursuant to §§ 1962(c) and (d) of the

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §

1962, the Fourth Amendment to the U.S. Constitution, Article I §

12 of the New York State Constitution, 42 U.S.C. § 1983, 42

U.S.C. § 1988, New York Civil Practice Law and Rules § 8303-a,

and New York State law.  The City and Officer Watz have filed a

motion to dismiss the complaint for lack of subject matter

jurisdiction and for failure to state a claim.  For the

following reasons, the motion to dismiss is granted with respect

to all of plaintiff's federal claims with the exception of his

Fourth Amendment claim of unreasonable seizure.  Certain state

law claims and the unreasonable seizure claim are stayed.


                            BACKGROUND

     The following facts are taken from the plaintiff's

complaint unless otherwise noted, and are taken to be true for

purposes of this motion.  LaFaro v. New York Cardiothoracic

Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  On March 6,

2010, Peterson was pulled over for a traffic stop by Officer

Watz, and was issued a traffic summons for driving while using a

cell phone.  Peterson claims that he was not, in fact, using his

cell phone prior to being pulled over.

     On May 14, 2010, a hearing on the traffic violation was

held before Department of Motor Vehicles ("DMV") Administrative

Law Judge William Lee ("ALJ Lee").  ALJ Lee convicted Peterson

of improper cell phone use in violation of New York State

Vehicle & Traffic Law, Article 33, § 1225-c.  Peterson was fined

130 dollars, including a 30 dollar surcharge.  Peterson

maintains that he produced evidence at this hearing, such as his

                                2

cell phone records, that demonstrates his innocence.  He also

claims that he successfully impeached the testimony of Officer

Watz during cross-examination.

On October 12, 2010, the State of New York DMV Appeals

Board sustained the determination of ALJ Lee.  On November 1,

2010, Peterson filed a petition in the New York State Supreme

Court pursuant to Article 78 of the CPLR seeking to annul,

vacate, and set aside the determination of the DMV Appeals

Board.  On January 12, 2011, the petition was transferred to the

Appellate Division, Second Judicial Department.  The defendants

have asserted that this proceeding (the "Article 78 Proceeding")

is currently pending before the Appellate Division, and Peterson

has not countered this assertion.

Peterson filed his complaint in this Court on May 10, 2011.

The complaint asserts the following nine causes of action

against all defendants:

1. A substantive RICO violation pursuant to 18 U.S.C.

   1962(c);

2. A RICO conspiracy pursuant to 18 U.S.C. 1962(d);

3. An illegal search and seizure in violation of the Fourth

   Amendment of the Constitution and Article I § 12 of the

   New York State Constitution;

4. Malicious prosecution pursuant to § 1983 and the Fourth

   Amendment;

5. Malicious abuse of process under § 1983 and the Fourth
   Amendment;

6. A procedural due process violation pursuant to § 1983 and
   the Fourteenth Amendment;

7. A claim for costs and attorney's fees pursuant to 42
   U.S.C. § 1988 and CPLR § 8303-a;

8. Malicious prosecution under New York State law; and

9. Malicious abuse of process under New York State law.

On August 15, 2011, defendants the City and Officer Watz
moved to dismiss the complaint under Rules 12(b)(1) and
12(b)(6), Fed. R. Civ. P., on grounds that the Court should
abstain from exercising jurisdiction over the federal claims in
light of plaintiff's pending state proceeding, that plaintiff
failed to state a federal claim, that the Court should decline
to exercise supplemental jurisdiction over State law claims, and
that the complaint failed to state a State law claim in any
case.  The motion to dismiss was fully submitted on October 31,
2011.  For the following reasons, the federal claims in counts
one, two, and four through seven, and the state law claims in
counts eight and nine, are dismissed for failure to state a
claim.  The remaining claims are stayed until completion of the
Article 78 Proceeding.

DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro, 570 F.3d at 475 (citation omitted).  A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009).  Accordingly, a court may disregard "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  Id. at 1940.

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. at 1949 (citation omitted).  If the factual allegations "are merely consistent with a defendant's liability, [the complaint] stops short of the line between possibility and plausibility of entitlement to relief."  Id. (citation omitted).

Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  There must be a "reasonably founded hope that the discovery process will reveal relevant evidence."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

5

563 n.8 (2007) (citation omitted).  "Plausibility thus depends
on a host of considerations: the full factual picture presented
by the complaint, the particular cause of action and its
elements, and the existence of alternative explanations so
obvious that they render plaintiff's inferences unreasonable."
L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir.
2011).

     Pleadings filed by pro se plaintiffs are to be construed
liberally.  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.
2010).  The rule favoring liberal construction of pro se
submissions is especially applicable to civil rights claims.
Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004).

I.  The RICO Claims

     The City and Officer Watz have moved to dismiss the
complaint's two RICO claims.  To state a viable RICO claim
pursuant to 18 U.S.C. § 1962(c), a plaintiff must allege (1)
conduct (2) of an enterprise (3) through a pattern (4) of
racketeering activity.  Sedima S.P.R.L. v. Imrex Co., Inc., 473
U.S. 479, 496.  To state a RICO claim pursuant to 18 U.S.C.
1962(d), a plaintiff must allege a conspiracy to commit a
substantive RICO violation pursuant to 18 U.S.C. § 1962(a), (b),
or (c).  See 18 U.S.C. § 1962(d).

     An "enterprise" includes "any individual, partnership,
corporation, association, or other legal entity, and any union

6

or group of individuals associated in fact although not a legal

entity."  18 U.S.C. § 1961(4).  In his complaint, Peterson

describes the RICO enterprise as consisting of an "association-

in-fact" among the named and unnamed defendants.  An

"association-in-fact" enterprise must have at least three

structural features: 1) a purpose, 2) relationships among those

associated with the enterprise, and 3) longevity sufficient to

permit these associates to pursue the enterprise's purpose.

Boyle v. United States, 556 U.S. 938, 129 S.Ct. 2237, 2244

(2009).  Accordingly, a plaintiff's "conclusory naming of a

string of entities does not adequately allege an enterprise."

First Capital Asset Management, Inc. v. Satinwood, Inc., 385

F.3d 159, 175 (2d Cir. 2004) (citation omitted).

Peterson does not plead sufficient facts to support a

plausible claim to the existence of an association-in-fact

enterprise.  Peterson claims that the defendants participated in

a racketeering scheme whereby 1) police officers would illegally

stop and detain motorists and falsely accuse them of violating

traffic laws, 2) police officers would present false testimony

at hearings before DMV Administrative Law Judges ("ALJs"), 3)

the DMV ALJs would validate this false testimony and find

innocent motorists guilty of traffic violations, and 4) the DMV

Appeals Board would affirm these convictions.  In furtherance of

this scheme, Peterson claims that defendants and their co-

conspirators adopted rules that made it easier to convict

motorists of traffic violations, such as not providing for pre-

hearing discovery or a supporting deposition, and allowing ALJs

to question motorists and convict them based on "clear and

convincing evidence."  According to Peterson, the scheme

garnered over $76 million in traffic fines, surcharges and

suspension termination fees.

     In support of these claims, Peterson alleges the following

facts: that he was not driving while using his cell phone, that

he was nonetheless subject to a traffic stop and issued a

traffic summons by Officer Watz, that he was convicted by ALJ

Lee after an opportunity to present his case and cross-examine

Officer Watz, that this conviction was upheld on appeal, that

the DMV has adopted certain rules of procedure and evidence in

its adjudicatory proceedings that differ from those in more

formal proceedings, and that the collection of fines, surcharges

and suspension fees from motorists results in income to the City

and other municipalities.  These facts do not support a

plausible claim that the defendants and any co-conspirators

shared a common purpose to defraud motorists, that there was a

relationship among the defendants, or that the defendants worked

towards this common purpose for any amount of time beyond that

which was necessary to sustain Peterson's conviction.  The sole

connection among the entities and individuals in the alleged

enterprise is the traffic summons and its subsequent

adjudication.[1]   The complaint thus fails to plead those facts

necessary to nudge plaintiff's claim across the line "between

possibility and plausibility" with respect to all three

structural features of an association-in-fact enterprise.

Iqbal, 129 S.Ct. at 1949.

The existence of a RICO enterprise is a necessary element

for liability under 28 U.S.C. § 1962(c).   City of N.Y. v.

Smokes-Spirits.com, Inc., 541 F.3d 425, 439 (2d Cir. 2008).

Plaintiff's claims pursuant to 28 U.S.C. § 1962(c) must

therefore be dismissed.

To state a RICO conspiracy claim pursuant to 28 U.S.C. §

1962(d), a plaintiff must successfully plead the existence of a

substantive RICO violation.   See Cofacredit, S.A. v. Windsor

Plumbing, 187 F.3d 229, 244-45 (2d Cir. 1999).   Thus, because

plaintiff has failed to state a claim pursuant to 28 U.S.C. §

1962(c), his claim pursuant to 28 U.S.C. § 1962(d) must also

fail.

In his opposition to the motion to dismiss, Peterson cites

to a number of cases that, he argues, demonstrate that a

---

[1] By all accounts, the proceedings were held in full accordance
New York's Vehicle and Traffic Law and the Rules and Regulations
of the State of New York.   See Vehicle and Traffic Law §§ 225
and 228; 15 NYCRR § 124.4.   Plaintiff does not claim otherwise;
nor does he claim that these regulations themselves violate any
state or federal law.

municipal corporation such as the City can be a member of a RICO

enterprise and that Officer Watz can be named as a RICO

defendant.  Regardless of whether the City can be a member of a

RICO enterprise and whether Officer Watz can be a RICO

defendant, the pleadings do not give rise to a plausible claim

that an association-in-fact enterprise does, in fact, exist.

Similarly, the plaintiff relies on Floyd v. The City of New

York, 2011 WL 3856515 (S.D.N.Y. 2011), which held that a triable

issue of material fact exists as to whether New York Police

Department supervisors have a custom or practice of imposing

quotas on officers' stop and frisks, summonses, and arrests.

Id. at *20.  Floyd did not involve alleged RICO violations or

the alleged existence of an association-in-fact enterprise, and

therefore does not salvage plaintiff's RICO claims.

II.  Malicious Prosecution and Abuse of Process

Plaintiff fails to state a claim for malicious prosecution

under § 1983 and the Fourth Amendment.  To state such a claim, a

plaintiff must plead 1) that the defendant initiated a criminal

proceeding, 2) that the proceeding was terminated favorably to

the plaintiff, 3) that there was no probable cause for the

criminal charged, and 4) that the defendant acted maliciously.

Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003).

Plaintiff has not been the subject of a criminal proceeding that

was terminated in his favor.

Likewise, plaintiff's claim for malicious abuse of process fails to meet the pleading standards of <u>Iqbal</u> and <u>Twombly</u>.  To state a claim for malicious abuse of process under § 1983 and the Fourth Amendment, a plaintiff must successfully plead that a defendant 1) employed regularly issued legal process to compel performance or forbearance of some act, 2) with intent to do harm without excuse or justification, and 3) in order to obtain a collateral objective that is outside the legitimate ends of the process.  <u>Cook v. Sheldon</u>, 41 F.3d 73, 80 (2d Cir. 1994). Plaintiff's factual allegations that he was wrongfully subject to a traffic stop and a conviction for driving while using a cell phone, and that this conviction was wrongfully upheld on appeal, fall well short of stating a plausible claim to relief with respect to these three elements.  Plaintiff offers no facts to support the conclusion that the defendants intended to do harm without justification, or that they had some collateral objective outside the legitimate ends of Peterson's traffic summons.

The elements of malicious prosecution and malicious abuse of process are the same under state law as they are under § 1983.  <u>Id.</u>  Thus, the pleadings on these state law claims are insufficient as well.

III.  Procedural Due Process

Plaintiff has not stated a § 1983 claim for violation of

11

procedural due process.  To succeed on a procedural due process

claim, a plaintiff must establish (1) a deprivation of life,

liberty or property (2) without due process of law.  See Logan

v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982).  In accordance

with New York Vehicle and Traffic Law § 225, plaintiff has been

afforded a hearing in front of an ALJ at which he could have

been represented by a lawyer, an opportunity to cross-examine

Officer Watz, an administrative appeal, and an appeal before the

Appellate Division that is currently pending.  Plaintiff has

been afforded an opportunity to be heard "at a meaningful time

and in a meaningful manner."  Goldberg v. Kelly, 397 U.S. 254,

267 (1970).

IV.  Attorney's Fees

    Plaintiff's claim for attorney's fees pursuant to 42 U.S.C.

§ 1988 fails because, although plaintiff is an attorney, he is

proceeding pro se and is thus not entitled to attorney's fees.

See Kay v. Ehrler, 499 U.S. 432, 437–38 (1991).

V.  Fourth Amendment

    The sole remaining federal claim is the Fourth Amendment

unreasonable search and seizure claim.  "[T]he Fourth Amendment

requires that an officer making a traffic stop have probable

cause or reasonable suspicion that the person stopped has

committed a traffic violation or is otherwise engaged in or

about to be engaged in criminal activity."  United States v.

12

Harrison, 606 F.3d 42, 45 (2d Cir. 2010) (citation omitted).

According to the complaint, there was no legal justification

whatsoever for the traffic stop because Peterson was not

observed using his cell phone while driving as claimed by

Officer Watz.  The complaint provides detailed facts in support

of this conclusion, including Peterson's cell phone records and

his recollections of the traffic stop.

Defendants argue that this claim should be dismissed

because a pre-arraignment, non-felony summons requiring a later

court appearance does not constitute a seizure under the Fourth

Amendment.  See Burg v. Collen Gossellin, 591 F.3d 95, 101 (2d

Cir. 2010).  But Peterson claims that he was issued such a

summons and that he was subjected to a traffic stop.  His

unreasonable seizure claim therefore survives.

VI.  Abstention

This litigation will be stayed pending completion of the

Article 78 Proceeding.  Generally, district courts have a

"virtually unflagging obligation to exercise the jurisdiction

given them."  Royal and Sun Alliance Ins. Co. of Canada v.

Century, 466 F.3d 88, 92 (2d Cir. 2006) (citation omitted).

Younger v. Harris, 401 U.S. 37 (1971), and its progeny delineate

an exception to this rule, requiring federal courts to abstain

where appropriate to "allow state courts to resolve pending

matters within their jurisdiction."  Washington v. County of

Rockland, 373 F.3d 310, 318 (2d Cir. 2004).  In Younger, the

Supreme Court explained that a federal court, "anxious though it

may be to vindicate and protect federal rights and federal

interests, always endeavors to do so in ways that will not

unduly interfere with the legitimate activities of the States."

Younger, 401 U.S. at 44.  Abstention is mandatory when "(1)

there is a pending state proceeding, (2) that implicates an

important state interest, and (3) the state proceeding affords

the federal plaintiff an adequate opportunity for judicial

review of his or her federal constitutional claims."  Hartford

Courant Co. v. Pellegrino, 380 F.3d 83, 100-01 (2d Cir. 2004)

(citation omitted).  While "Younger was a challenge to an

ongoing state criminal case . . . the doctrine has been extended

with equal force to federal civil litigation challenging certain

other state proceedings."  Kaufman v. Kaye, 466 F.3d 83, 86 (2d

Cir. 2006).  Such state proceedings may include Article 78

proceedings pursuant to the CPRL.  See Christ the King regional

High School v. Culvert, 815 F.2d 219, 224-25 (2d Cir. 1987).

When the Younger requirements are met, the doctrine

mandates dismissal of claims for both injunctive and declaratory

relief.  See Samuels v. Mackell, 401 U.S. 66, 73 (1971).

Dismissal may not be appropriate, however, when the Younger

requirements are met in a lawsuit for damages.  See Kirschner v.

Klemons, 225 F.3d 227, 237-38 (2d Cir. 2000).  In such cases, a

district court may stay the federal case pending resolution of the state proceeding.  Id. at 238-39.

Peterson's Article 78 petition was transferred to the Appellate Division on January 12, 2011, and Peterson does not challenge defendants' claim that it is currently pending.  The Article 78 Proceeding implicates an important state interest, specifically, the safety of the roads and highways.  See Dixon v. Love, 431 U.S. 105, 114 (1977).  Furthermore, a finding for or against Peterson on the Fourth Amendment unreasonable seizure claim would rest on the very same factual determinations as the Article 78 Proceeding: whether Peterson was using his cell phone before Officer Watz pulled him over.  Such a determination by this Court would fail to afford the Appellate Division proper respect for its function as a judicial entity capable of adjudicating federal claims, and call into question the State proceedings.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10 (1987) (grounding abstention in "the notion of 'comity,' that is, a proper respect for state functions") (citation omitted).  Accordingly, the litigation is stayed.


### CONCLUSION

The August 15, 2011 motion to dismiss is granted with respect to plaintiff's federal claims for violations of the RICO statute under 18 U.S.C. §§ 1962(c) and (d), for malicious

15

prosecution and malicious abuse of process under 42 U.S.C. §

1983 and state law, for violation of procedural due process

under 42 U.S.C. § 1983, and for attorney's fees pursuant to 42

U.S.C. § 1988.   The remainder of the action is stayed pending

resolution of plaintiff's Article 78 proceedings.

SO ORDERED:

Dated:     New York, New York
           January 9, 2012

_____
DENISE COTE
United States District Judge

COPIES SENT TO:


R. Bertil Peterson
15 Oaks Hunt Road
Lake Success, NY 11020


Diana Murray
The City of New York Law Department
100 Church Street
New York, NY 10007