```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
R. BERTIL PETERSON,                     :
                                        :        11 Civ. 3141 (DLC)
                    Plaintiff,          :
                                        :
        -v-                             :        MEMORANDUM OPINION
                                        :            & ORDER
THE CITY OF NEW YORK, et al.,           :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Pro se plaintiff R. Bertil Peterson ("Peterson") brings this action against the City of New York (the "City"), Police Officer Kevin Watz ("Officer Watz"), and one-hundred unnamed employees, independent contractors, agents, and/or assignees. The defendants have moved for dismissal pursuant to Fed R. Civ. P. 12(b)(6).  For the following reasons, the motion to dismiss is granted.

BACKGROUND

The facts of this matter are available in the Court's Opinion and Order of January 9, 2012 (the "January Opinion"). Plaintiff filed his complaint on May 10, 2011, bringing claims for compensatory and punitive damages, attorney's fees, and costs pursuant to §§ 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, the Fourth

Amendment to the U.S. Constitution, Article I § 12 of the New York State Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, New York Civil Practice Law and Rules § 8303-a, and New York State law.  Defendants moved to dismiss on August 15, 2011.  In the January Opinion, the Court dismissed all claims except the Fourth Amendment claim and the state law claims.  The January Opinion stayed the action with respect to the Fourth Amendment and state law claims until completion of plaintiff's proceeding before the New York Appellate Division pursuant to Article 78 of the CPLR (the "Article 78 Proceeding").

On January 11, 2012, the Court received a letter from defense counsel explaining that the Appellate Division had dismissed the Article 78 Proceeding on December 27, 2011, and appending a copy of the corresponding Opinion.  See Peterson v. State, Dept. of Motor Vehicles, 934 N.Y.S.2d 837 (App. Div. 2011) (the "Article 78 Opinion").  On January 12, the Court lifted the stay on this action.

On February 7, the defendants filed a second motion to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. The plaintiff did not oppose this motion to dismiss on the merits.  Plaintiff's motion for leave to appeal the Article 78 Opinion was denied on April 3.

DISCUSSION

The defendants have moved dismiss Peterson's Fourth

Amendment claim on the ground that he is precluded from

litigating issues that were resolved against him in the Article

78 Proceeding.  The law of the jurisdiction in which the earlier

actions took place governs the principles of issue preclusion.

Peterson's Article 78 proceeding was filed in New York state

court.  Thus, New York's preclusion law determines whether

Peterson's state action bars litigation of the Fourth Amendment

claim in the present action.  Giannone v. York Tape & Label,

Inc., 548 F.3d 191, 192-93 (2d Cir. 2008).

"Under New York law, collateral estoppel bars relitigation

of an issue when (1) the identical issue necessarily was decided

in the prior action and is decisive of the present action, and

(2) the party to be precluded from relitigating the issue had a

full and fair opportunity to litigate the issue in the prior

action."  In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007).

"[C]ollateral estoppel is a flexible doctrine and whether to

apply it [in] a particular case depends on general notions of

fairness involving a practical inquiry into the realities of the

litigation."  Id. at 65–66 (citation omitted).  "The party

asserting issue preclusion bears the burden of showing that the

identical issue was previously decided, while the party against

whom the doctrine is asserted bears the burden of showing the

3

absence of a full and fair opportunity to litigate in the prior

proceeding." Colon v. Coughlin, 58 F.3d 865, 869 (2d Cir.

1995).

Litigation of individual issues necessarily decided in an

Article 78 proceeding may be precluded by collateral estoppel in

subsequent actions. Ruiz v. New York State Div. of Parole, 894

N.Y.S.2d 582, 583 (3d Dep't 2010). But issues not raised in the

previous Article 78 proceeding cannot be barred by collateral

estoppel. Colon, 58 F.3d at 870.

Both prongs of the New York test for collateral estoppel

are met with respect to plaintiff's Fourth Amendment claim. In

the January Opinion, it was concluded that this Fourth Amendment

claim rests "on the very same factual determinations as the

Article 78 Proceeding: whether Peterson was using his cell phone

before Officer Watz pulled him over." The Article 78 Opinion

concluded that the determination that Peterson violated Vehicle

and Traffic Law § 1225-c for driving while using his cell phone

was supported by substantial evidence. Accordingly, it denied

his petition. The defendants have thus established that the

issue before the Appellate Division was identical to the issue

before the Court on this motion, that this issue was necessarily

decided in the Article 78 Proceeding, and that this issue is

decisive of the present action. Peterson does not contest that

he had a full and fair opportunity to litigate this issue in his

Article 78 proceeding.  Accordingly, Peterson's Fourth Amendment claim is dismissed.

With the dismissal of Peterson's Fourth Amendment claim, there are no federal claims before the Court.  The Court declines to exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3).


CONCLUSION

The February 7, 2012 motion to dismiss is granted.  The Clerk of Court shall close the case.


SO ORDERED:

Dated:    New York, New York
          June 12, 2012


_____
          DENISE COTE
United States District Judge

5